FILED

MAY - 8 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CARDTRONICS ATM FEE NOTICE LITIGATION<br><br>Member Cases: 11-CV-0217 BEN (BLM)<br>11-CV-0236 BEN (BLM)<br>11-CV-1203 BEN (BLM)<br>11-CV-1208 BEN (BLM)<br>11-CV-2813 BEN (BLM)<br>11-CV-3056 BEN (BLM)<br>12-CV-0559 BEN (BLM) | CASE NO. 11-MD-2245 BEN (BLM)<br><br>**ORDER DENYING MOTIONS TO WITHDRAW AS COUNSEL**<br><br>[Docket Nos. 67, 68, 69] |

Presently before the Court are three Ex Parte Motions to Withdraw as Counsel. (Docket Nos. 67, 68, 69.) Both Eric Calhoun and Mark Golovach seek to withdraw as counsel for Plaintiffs Joshua Sandoval and Gini Christensen.[1] Eric Calhoun and Mark Golovach are the only counsel of record for Joshua Sandoval and Gini Christensen.

According to Civil Local Rule 83.3.g(3):

> a. A notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client.
> b. A declaration pertaining to such service must be filed. Failure to make service as required by this section or to file the required declaration of service will result in a denial of the motion.

---

[1] Eric Calhoun seeks to withdraw as counsel for Shelby Ramsey as well. (Docket No. 67.) Shelby Ramsey, however, is not a party in the present action, but instead is a party in the related action, *Ramsey v. Cardtronics USA, Inc.*, Case No. 11-CV-1511 BEN (BLM). The motion to withdraw as counsel for Shelby Ramsey may not properly be brought in the present action.

- 1 -

Here, Plaintiffs' counsel has neither affected service on Plaintiffs nor filed a declaration pertaining to such service in compliance with Civil Local Rule 83.3.g(3). Accordingly, the Motions to Withdraw as Counsel are **DENIED**.

**IT IS SO ORDERED.**

DATED: May ___, 2012

HON. ROGER T. BENITEZ
United States District Court Judge