I hereby attest and certify on _Dec 11, 2012_ that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/K. Johnson
Deputy

**FILED**

DEC 1 1 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: CARDTRONICS ATM FEE
NOTICE LITIGATION**

| | | |
|---|---|---|
| Shawn Traylor v. Cardtronics, Inc., et al., | ) | |
| D. Connecticut, C.A. No. 3:12-999 | ) | MDL No. 2245 |

## TRANSFER ORDER

**Before the Panel:**  Pursuant to Panel Rule 7.1, plaintiff moves to vacate our order that conditionally transferred his action to MDL No. 2245.  Defendants Cardtronics, Inc., Cardtronics USA, Inc. (collectively Cardtronics), and Dunkin' Brands, Inc. oppose the motion to vacate and favor inclusion of this action in MDL No. 2245.

This action (*Traylor*) alleges that a Cardtronics ATM in Bridgeport, Connecticut has a fee notice that was inconspicuously posted at or below knee level and out of eyesight of any person accessing the ATM, in violation of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 et seq. (EFTA).  The EFTA requires that ATMs contain posted notices informing consumers that the ATM and/or the consumer's financial institution might charge fees for withdrawals made from the ATM, and it imposes strict liability on ATM operators that fail to comply with its disclosure requirements.  The actions centralized in MDL No. 2245 involve similar allegations that Cardtronics violated the EFTA by failing to post physical notices on certain of its ATMs.  *See In re: Cardtronics ATM Fee Notice Litig.*, 787 F. Supp. 2d 1366, 1366 (J.P.M.L. 2011).

In opposing transfer of his action, plaintiff argues that *Traylor* involves unique issues of fact, because he alleges that the notice posted on the subject ATM was inconspicuous, not that it was absent.  We are not persuaded that this distinction warrants exclusion of this action from MDL No. 2245.  In both MDL No. 2245 and *Traylor*, Cardtronics will seek to invoke the bona fide error defense to plaintiff's allegations by attempting to show that it has adopted a systematic process designed to ensure that each ATM has a fee notice that complies with EFTA requirements.  Indeed, the MDL No. 2245 transferee court has already held that Cardtronics is shielded from liability by the bona fide error defense with respect to one Cardtronics ATM.  *See In re Cardtronics ATM Fee Notice Litig.*, 2012 WL 1674254, at *6 (S.D. Cal. May 11, 2012).  While the analysis as to absent fee notices versus inconspicuous fee notices may be somewhat different, Cardtronics' procedures for ensuring that their fee notices comply with the EFTA will certainly be relevant to allegations of both absent and inconspicuous fee notices.  Moreover, the transferee judge has gained familiarity with Cardtronics' fee notice procedures.

Consequently, after considering all argument of counsel, we find that *Traylor* shares questions of fact with actions in this litigation previously transferred to the Southern District of California, and

-2-

that transfer of this action to MDL No. 2245 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Roger T. Benitez for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Paul J. Barbadoro          Marjorie O. Rendell
Charles R. Breyer          Lewis A. Kaplan